## GENERAL COURT, MAY TERM, 1799.

### BROWN *vs.* DUNCANSON & RAY.

ASSUMPSIT upon an *accepted inland bill of exchange,* drawn by *William Mayne Duncanson,* on the defendants, in favour of the plaintiff.

The plaintiff at the trial, offered in evidence to the jury, that on the 9th of February 1797, and for some months before and after, the defendants were joint merchants and copartners in trade, under the name and firm of *Duncanson & Ray.* That on the 9th of February 1797, the said *Duncanson* drew a bill upon the house of *Duncanson & Ray,* of Philadelphia, in favour of the plaintiff, for $2000, at 90 days sight. That on the 13th of February 1797, the said *Duncanson* accepted the said bill, in the following words and figures, viz. "Accepted—*Duncanson & Ray,* 13 Feb. 1797." That the signature to the said bill of "*W. M. Duncanson,*" is in the proper hand writing of the said *Duncanson,* one of the defendants, and that the signature of "*Duncanson & Ray*" to the said acceptance, is in the proper hand writing of the said *Duncanson.*

The defendant, *Ray,* offered in evidence, that the bill was drawn by *Duncanson* to discharge a note drawn by him payable to a certain *John Nicholson,* and by him endorsed to one *Isaac Polock,* who then held the same.

The plaintiff then offered to prove, that he, at the time the bill was drawn, was not then present; that the same was obtained by the said *Polock,* payable to the plaintiff, and by the said *Polock* paid to the plaintiff in discharge of a debt *bona fide* due from the said *Polock* to the plaintiff, and that the plaintiff had no notice of the circumstances under which the said bill was given. That at the time said bill was drawn, the defendants were both living in the City of Washington, in the same house. That *Polock* first applied to the said *Duncanson* to draw

a bill for the amount on London, to which *Duncanson* replied, he could not without first consulting his partner *Ray*; that some short time after, the said *Duncanson* informed the said *Polock*, that he had consulted his partner *Ray*, and that they could not grant a bill for the amount upon London. That *Polock* then proposed to the said *Duncanson* that he should draw a bill for the amount upon the house of *Duncanson & Ray* of Philadelphia, which the said *Duncanson* answered he could not do so without consulting his partner *Ray*. That some few days after the said *Duncanson* informed the said *Polock*, that he had consulted his partner *Ray*, and that he had his permission to draw as requested for the said sum. That accordingly the bill, upon which this suit is brought, was drawn and accepted as above stated. That at the times when the said bill was drawn and accepted, the defendants were both in the same house, where there was at that time a public ball, where the same was done, but that the said *Ray* was not present. That the said bill was drawn and accepted in the city of Washington.

MAY 1799.

Brown
vs.
Duncanson
and Ray.

CHASE, Ch. J. *(a)* The court are of opinion that the evidence offered by the plaintiff is improper to be admitted to the jury, and do refuse to suffer the same to go to the jury. The court are also of opinion, and so direct the jury, that if they are of opinion that the bill was drawn for the individual debt of *Duncanson*, and that the acceptance was made by him without the knowledge or consent of *Ray*, that then the plaintiff cannot sustain this action.

The plaintiff excepted. *Verdict* and *judgment* for the defendants. The plaintiff did not appeal.

*Mason*, for the plaintiff.

*Martin*. (Attorney General,) *Cranch*, and *T. C. Bowie*, for the defendants.

---●─●●─●---

## GENERAL COURT, MAY TERM, 1799

*(a)Duvall* and *Done*, J. concurring.