## MANNING, STIMPSON & CO., *vs*. DAVID HAYS.

Though one partner cannot bind his co-partners in a transaction exclusively his own, yet the fact of its being such must affirmatively appear by some fact known, or properly deducible from circumstances which ought to inform a prudent man of the true nature of the transaction.

Where a note is signed or endorsed by one member of an existing firm in the partnership name, the legal presumption is, that it is a partnership transaction, until the contrary is shown on the part of the defence.

Any one partner has the same right to dispose of a note drawn in favor of the firm, as he has to dispose of any other portion of the partnership assets.

Notice in the protest of a note payable generally, stating that written notices were addressed to the endorsers, "informing them that it had not been paid, and that they would be held responsible for the payment thereof," is clearly defective.

Where endorsers have failed to take advantage at the trial below, of a defective notice, they cannot do it in this court, and the act of 1830, ch. 186, is a sufficient answer to an application for a procedendo, after the affirmance of the judgment against them.

APPEAL from the Superior Court of Baltimore city.

*Assumpsit* by the appellee, as holder, against the appellants,

as endorsers of the note, stated in the opinion of this court. Plea *non-assumpsit.*

*Exception.* The plaintiff offered the protest of the note, that part of it which refers to the notice of protest being as follows : "And on the same day I addressed written notices to the endorsers of said promissory note, informing them that it had not been paid, and that they would be held responsible for the payment thereof," and then proved the facts stated in the opinion of this court; the maker, Samuel Manning, being one of the firm of Manning, Stimpson & Co. The defendants then asked the instruction which is set out in the opinion of this court, which the court below, (FRICK J.,) refused to give. To this ruling the defendants excepted, and the verdict and judgment being against them they appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*Chas. J. Pennington,* for the appellants.

1st. The general authority of one partner to bind his co-partners being in law *implied* only, it is confined to transactions pertaining to the co-partnership business, and no partner can bind his co-partner in any transaction out of the ordinary business of the co-partnership, without special authority to do so, and it is for the plaintiff to show such authority. 4 *H. & McH.,* 350, *Brown vs. Duncanson & Ray.* 3 *Wend.,* 417, *Williams vs. Walbridge.* 12 *Pet.,* 229 to 232, *Rogers vs. Batchelor, et al.* Here the note sued on being the individual note of Samuel Manning, the law presumes it to have been for his separate use, and that fact, with the fact of the endorsement of the name of the firm being also made by him, in the absence of any evidence that it was known to, or, made, or negotiated for, or went to the use of the firm, affords presumptive evidence that it was not drawn, endorsed or negotiated for the use of the co-partnership, and the court therefore erred in refusing so to instruct the jury. 1 *Barr.,* 417, *Tanner vs. Hall & Easton.* 17 *Wend.,* 47, *Onondaga Co. Bank, vs. De Puy.*

2nd. The form of notice contained in the protest is under the decisions of this court, (1 *Md. Rep.*, 68, 511; 3 *Do.*, 202, 258,) clearly defective, and does not bind the endorsers, and being the only proof of notice offered, was clearly insufficient to sustain the action. Our prayer is a general one, that the verdict must be for the defendant, and the proof of notice being defective should for this reason have been granted. But if I am wrong in this, and this court should affirm the decision of the court below, and should be precluded from looking to the insufficiency of the notice, still the case has merits, as disclosed by the record, which entitle the appellants to a *procedendo* under the act of 1826, ch. 200, sec. 10, and the authority of the case of *Kennerly vs. Wilson*, 2 *Md. Rep.*, 245.

*Chas. H. Pitts* for the appellee.

The only question open in this court on this record is, whether the court below committed any error in refusing the prayer offered by the defendants. This prayer presents a specific proposition, and is not a general one, as argued on the other side. It says, the jury are *bound* to infer that the note was a private transaction, not that they *may* so infer, and for this reason, if for none other, is defective. *Prima facie* this note was a partnership transaction. When the transaction *appears* to be a private one, the law of the cases cited on the other side is correct. All those cases show that the transaction was *proved* to be a private transaction; such was the case in 4 *H. & McH.*, 350. In the case in 1 *Barr.*, 417, the note was drawn by one member of a firm, in favor of other parties who endorsed it for his accommodation, and he then added the endorsement of his firm. All these facts appeared in proof, and the court said they were sufficient to put the holder upon inquiry. But that is not this case, for here the note was drawn by one member of the firm *in favor* of the firm, and shows on its face an indebtedness by Manning to the firm. It therefore became a debt due the firm, part of the assets of the firm, and this being so, Manning, as one of the partners, had the undoubted right to negotiate it in the name of the firm. The case of *Thurston vs. Lloyd*, 4 *Md. Rep.*, 283, is

conclusive of this, for there can be no difference in principle between one partner signing the name of the firm as maker, and signing it as endorser of a promissory note.

No objection was taken to the form of the notice in the court below, and the case of the *Farmers Bank vs. Bowie*, 4 *Md. Rep.*, 290, and the act of 1830, ch. 186, are conclusive answers to the application for a *procedendo.*  ˋ

LE GRAND, C. J., delivered the opinion of this court.

This action was instituted against the appellants to recover the amount of a promissory note, dated the 23rd May 1850, at six months, for three thousand dollars, drawn and signed by the appellant Samuel Manning, in favor of "Manning, Stimpson & Co.," and endorsed by them in the handwriting of the said Samuel Manning, and also endorsed by Joseph C. Manning. The appellee is the holder of the note.

The plaintiff below proved the handwriting of Samuel Manning, and the co-partnership of the appellants, under the style and name of Manning, Stimpson and MacTavish. The note was protested for non-payment and notice of the same, given to the appellants by handing notice of protest to Samuel Manning. On this state of facts, at the trial below, the appellants asked the court to instruct the jury, that if they should find from the evidence that the signature of the note offered in evidence, is of the proper handwriting of Samuel Manning, and that the endorsement, Manning, Stimpson & Co., upon the said note, is also of the proper handwriting of the said Samuel Manning, then the jury must find their verdict for the defendants, upon the assumption that the transaction in question was the private transaction of the said Samuel Manning, there being no evidence to show that the matter was known to his co-partners, or either of them, or that it was given or negotiated on co-partnership account.

This prayer the court refused and we think properly. Although it is clear that one partner cannot bind his co-partner in regard to a matter which is exclusively his own, yet the fact of its being his private business must affirma-

tively appear by some fact known, or properly deducible from circumstances which ought to inform a prudent person of the true nature of the transaction.    He has the right to sign the name of the firm, and the general rule is, that where a note is proved to have been signed by one member of an existing firm, in the partnership name, the legal presumption is, that it was given for a joint indebtedness in the regular course of partnership dealings, until the contrary is shown on the part of the defence.    *Thurston vs. Lloyd*, 4 *Md.*, 288, and the authorities there relied upon.    We can perceive no difference in principle, between the right to sign a note in the partnership name, and to endorse one in the same name.    The note in the case before us, on its face, purported to be a part of the assets of the partnership, and it was undoubtedly within the scope of the authority and power of any one of the partners to dispose of it, as it was also to dispose of any other portion of the property belonging to the firm.    Had it appeared from anything in the record that this was a transaction entirely for the private benefit of Samuel Manning, and not in any way connected with the business of the co-partnership, there might be a question as to the liability of the firm ; but there is no such evidence in the record, and we cannot go beyond it. The case of *Tanner vs. Hall & Easton*, 1 *Barr.*, 417, relied upon by the counsel of the appellants, is not like the one now before us.    It there *appeared* that the note was for the accommodation of the partner who endorsed it.    It is more like the case of *Brown vs. Duncanson & Ray*, 4 *H. & McH.*, 350, where there was evidence from which a jury might infer the bill was drawn for the individual debt of one of the partners, and the acceptance was made by him without the knowledge or consent of his co-partner.    In that case the court left it to the jury to find these facts.    There is nothing in the case we are now considering, from which the jury could properly deduce the belief, that the endorsement was without the knowledge or consent of the co-partners of Samuel Manning ; but if there had been, the court were right in rejecting the prayer of the appellants, for it submitted no such

inquiry to the jury, but asserted as matter of law, that the jury must find in favor of the appellants on the "*assumption*," that the signature and endorsement were in the handwriting of Samuel Manning.

The notice of protest was, under the decisions of this court, clearly defective and insufficient to charge the appellants as endorsers; but under the act of 1825, ch. 117, we are precluded from noticing the point, inasmuch as it was not made at the trial below.

In regard to the application for a *procedendo*, we remark, that there is nothing of merit disclosed to us by the record, by which we are to be governed, whatever may be the true state of the facts of the case. It was within the power of the parties at the trial, to have availed themselves of the defectiveness of the notice of protest. Not having done it then,. it is now too late. Besides the act of 1830, ch. 186, is a sufficient answer to the application.

*Judgment affirmed.*